**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| **TONAL SYSTEMS, INC.,**<br><br>*Plaintiff*,<br><br>v.<br><br>**SHENZHEN SPEEDIANCE LIVING TECHNOLOGY CO., LTD.,**<br><br>*Defendant*. | Civil Action No. 2:26-cv-00355-JRG-RSP<br><br>**JURY TRIAL DEMANDED** |

**SHENZHEN SPEEDIANCE LIVING TECHNOLOGY CO., LTD.'S**
**ANSWER TO COMPLAINT**

Shenzhen Speediance Living Technology Co., Ltd. ("Speediance" or "Defendant") by and through its attorneys, responds to the Complaint (Dkt. 1) filed by Plaintiff Tonal Systems, Inc. ("Tonal" or "Plaintiff") as set forth below.

Speediance denies the allegations in the Complaint unless expressly admitted in the following paragraphs. To the extent any response is required to each unnumbered preamble/title in the Complaint, it is denied.

## NATURE OF THIS ACTION

1. Speediance admits that Tonal filed this action for patent infringement involving U.S. Patent Nos. 10,661,112 ("the '112 Patent"), 8,287,434 ("the '434 Patent"), 10,960,258 ("the '258 Patent"), 11,554,287 ("the '287 Patent"), 11,389,687 ("the '687 Patent"), and 9,101,791 ("the '791 Patent") (collectively, "the Asserted Patents"). Speediance admits that Tonal attached the Asserted Patents as Exhibit 1 through 6 with the Complaint. Except as expressly admitted herein, Speediance denies any remaining allegations of paragraph 1, and specifically denies any infringement by Speediance and Speediance's Gym Monster of any claim of the Asserted Patents.

2. Speediance admits that Tonal also filed this action for false and misleading advertising under Section 43 of the Lanham Act, 15 U.S.C. § 1125. Speediance otherwise denies the remaining allegations in this paragraph and specifically denies that the alleged conducts described herein pertain to Speediance. Further, Speediance specifically denies that Tonal is or is likely to be damaged by any business activities of Speediance, including its commercial advertising or promotion.

3. Speediance states that the record pertaining to any previous court action by Tonal speaks for itself, and no response is required. To the extent that a response is required, Speediance denies the allegations stated in this paragraph.

**THE PARTIES**

4. Speediance lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 4 and, therefore, denies them.

5. Speediance lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 5 and, therefore, denies them.

6. Speediance admits that it is an entity organized and existing under the laws of People's Republic of China with its principal place of business located at 19th Floor, Gemdale Viseen Tower A, No.16, Gaoxin 10th South Road, Shenzhen, Guangdong Province, China. Speediance also admits that it sells the Speediance Gym Monster. Further, because the term "manufacturer" is vague and ambiguous, Speediance denies the remaining allegations of this paragraph.

**JURISDICTION AND VENUE**

7. Speediance admits that this action arises under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq*. and under the Lanham Act § 43, 15 U.S.C. § 1125(a). Speediance admits,

for purposes of this action only, that this Court has subject matter jurisdiction over the allegations as pleaded under 28 U.S.C. §§ 1331 and 1338(a). Except as expressly admitted herein, Speediance denies any remaining allegations of paragraph 7.

8. In response to the allegations of paragraph 8, Speediance asserts that this paragraph states legal contentions to which no response is required. To the extent a response is required, Speediance denies that this Court has personal jurisdiction over Speediance, and also denies that venue is proper or convenient. Further, Speediance specifically denies any allegation of infringement, including the allegation of "Speediance's purposefully targeting customers for its infringing product in Texas." Speediance denies the remaining allegations in this paragraph.

**BACKGROUND**

9. To the extent the header for section A is deemed an allegation and to the extent any response is required, Speediance lacks sufficient knowledge or information to form a belief about the truth of the allegations in the header for section A and, therefore, denies them. Further, Speediance lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 9 and, therefore, denies them.

10. Speediance lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 10 and, therefore, denies them.

11. Speediance lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 11 and, therefore, denies them.

12. Speediance lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations (including the two images of unknown sources) in paragraph 12 and, therefore, denies them.

13. Speediance lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 13 and, therefore, denies them.

14. Speediance lacks sufficient knowledge or information to form a belief about the truth of the allegations (including the image of unknown source) in paragraph 14 and, therefore, denies them.

15. Speediance lacks sufficient knowledge or information to form a belief about the truth of the allegations (including the image of unknown source) in paragraph 15 and, therefore, denies them.

16. Speediance lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 16 and, therefore, denies them.

17. Speediance lacks sufficient knowledge or information to form a belief about the truth of the allegations (including the image of unknown source) in paragraph 17 and, therefore, denies them.

18. Speediance lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 18 and, therefore, denies them.

19. To the extent the header for section B is deemed an allegation and to the extent any response is required, Speediance denies the allegations with respect to Speediance and specifically denies any allegation of infringement, including allegations that Speediance's Gym Monster is infringing. Further, Speediance admits that it sells an exercise product marketed as the Speediance Gym Monster. Further, because the term "manufacturer" is vague and ambiguous, Speediance denies the remaining allegations of this paragraph. Speediance also specifically denies any allegation of infringement, including Tonal's unsubstantiated and improper use of the term "Infringing Product" when referring to Speediance's Gym Monster.

20. Speediance was founded in Shenzhen, China in 2020.

21. Speediance admits that Tonal included a URL link in paragraph 21 that redirects to Speediance's website, which includes third party customer reviews of Speediance's products. Speediance also admits that it advertises the features of its products. Speediance lacks sufficient knowledge or information to form a belief about the truth of the image of unknown source in paragraph 21 and, therefore, denies it. Except as expressly admitted herein, Speediance denies any remaining allegations of paragraph 21 and specifically denies any allegations of directly targeting current and prospective Tonal customers or advertising itself as the "Tonal killer." Speediance further denies that the features it advertises copy Tonal's home gym product or Tonal's patented technology.

22. Speediance lacks sufficient knowledge or information to form a belief about the truth of the excerpt and two images of unknown sources in paragraph 22, and, therefore, denies them. Speediance specifically denies any allegation of infringement, including Tonal's unsubstantiated and improper use of the term "Infringing Product" when referring to Speediance's products. Speediance lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in paragraph 22, and, therefore, denies them.

23. Speediance lacks sufficient knowledge or information to form a belief about the truth of the two images of unknown sources in paragraph 23, and, therefore, denies them. Speediance specifically denies any allegation of infringement, including Tonal's unsubstantiated and improper use of the term "Infringing Product" when referring to Speediance's products. Speediance lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in paragraph 23, and, therefore, denies them.

24. Speediance lacks sufficient knowledge or information to form a belief about the truth of the four images of unknown sources in paragraph 24, and, therefore, denies them. Speediance specifically denies any allegation of infringement, including Tonal's unsubstantiated and improper use of the term "Infringing Product" when referring to Speediance's products. Speediance lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in paragraph 24, and, therefore, denies them. Speediance also specifically denies that Speediance's Gym Monster copies the alleged "Tonal's innovative handle connector."

25. Speediance admits that Tonal included a URL link to a YouTube video in paragraph 25. Except as expressly admitted herein, Speediance denies any remaining allegations of paragraph 25 and specifically denies that Speediance copied or traded on Tonal's name. Speediance also denies that it advertised its products as "the Tonal killer." Speediance further denies Tonal's characterization that the Gym Monster is inferior or presents a high risk of injury to its users. Speediance also denies that each of its products "contains a heavy, undampened platform that falls rapidly to the ground when released." Speediance lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 25 related to safety of Tonal's home gym and, therefore, denies them.

26. Speediance denies the allegations stated in this paragraph.

27. Speediance admits that it advertises the Gym Monster product and provides instructions regarding the use and features of the Speediance Gym Monster. Except as expressly admitted herein, Speediance denies any remaining allegations of paragraph 27 with respect to Speediance and specifically denies any allegation of infringement, including Tonal's unsubstantiated and improper use of the term "infringing Speediance Gym Monster." Speediance also denies that it has provided any instructions, recommendations, encouragement, or suggestions

that result in the practice of any Asserted Patent in an infringing manner. Speediance further denies that it had the requisite knowledge or intent to induce infringement by causing its customers and users to infringe the Asserted Patents.

**THE ASSERTED PATENTS**

28. Speediance denies the allegations contained in paragraph 28 and specifically denies any allegation of infringement by manufacturing, using, offering for sale, selling, or importing the Gym Monster product in the United States. Speediance also denies any allegation of infringement, including Tonal's unsubstantiated and improper use of the term "Infringing Product" when referring to Speediance's Gym Monster products. Speediance further denies that encouraging and instructing its customers and users to use the Gym Monster constitutes infringement. To the extent paragraph 28 purports to characterize or apply provisions of law, it states a legal conclusion to which no response is required.

29. Speediance admits the face of the '112 Patent, included as Exhibit 1 to the Complaint, shows the title as "Digital Strength Training," filed on July 20, 2017, issued by the United States Patent and Trademark Office ("USPTO") on May 26, 2020, and the assignee is Tonal Systems Inc. Speediance lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in paragraph 29 and, therefore, denies them.

30. Speediance admits the face of the '434 Patent, included as Exhibit 2 to the Complaint, shows the title as "Method and Apparatus for Facilitating Strength Training," filed on May 19, 2011, and issued by the USPTO on October 16, 2012. Speediance lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in paragraph 30 and, therefore, denies them.

31. Speediance admits the face of the ’258 Patent, included as Exhibit 3 to the Complaint, shows the title as “Exercise Machine Connector,” filed on March 29, 2019, issued by the USPTO on March 30, 2021, and the assignee is Tonal Systems Inc. Speediance lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in paragraph 31 and, therefore, denies them.

32. Speediance admits the face of the ’287 Patent, included as Exhibit 4 to the Complaint, shows the title as “Exercise Machine Connector,” filed on February 11, 2021, issued by the USPTO on January 17, 2023, and the assignee is Tonal Systems Inc. Speediance lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in paragraph 32 and, therefore, denies them.

33. Speediance admits the face of the ’687 Patent, included as Exhibit 5 to the Complaint, shows the title as “Digital Strength Training,” filed on February 18, 2021, issued by the USPTO on July 19, 2022, and the assignee is Tonal Systems Inc. Speediance lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in paragraph 33 and, therefore, denies them.

34. Speediance admits the face of the ’791 Patent, included as Exhibit 6 to the Complaint, shows the title as “Systems and Methods for Optimizing Muscle Development,” filed on November 26, 2014, and issued by the USPTO on August 11, 2015. Speediance lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in paragraph 34 and, therefore, denies them.

**COUNT ONE**
**INFRINGEMENT OF U.S. PATENT NO. 10,661,112**

35. In response to the allegations of paragraph 35, Speediance incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

36. Speediance denies the allegations stated in this paragraph.

37. Speediance denies the allegations stated in this paragraph.

38. Speediance denies the allegations stated in this paragraph.

39. Speediance denies the allegations stated in this paragraph.

40. This paragraph calls for a legal conclusion with respect to a claim preamble, and no response thereto is required. Except as expressly admitted herein, Speediance denies any remaining allegations of this paragraph.

41. Speediance admits that Tonal included a URL in paragraph 41 that redirects to Speediance's webpage that contains the language quoted in paragraph 41. Except as expressly admitted herein, Speediance denies any remaining allegations of paragraph 41.

42. Speediance admits that Claim 1 of the '112 Patent contains the language quoted in paragraph 42. Speediance denies any allegation of infringement, including Tonal's unsubstantiated and improper use of the term "Infringing Product" when referring to Speediance's Gym Monster. Speediance lacks sufficient knowledge or information to construe the limitation "an actuator" as the '112 Patent requires and, thus, Speediance lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 42 and, therefore, denies them. Except as expressly admitted herein, Speediance denies any remaining allegations of this paragraph.

43. Speediance admits that Tonal included a URL in paragraph 43 that redirects to Speediance's product page for Gym Monster. Speediance admits that Tonal included an image in paragraph 43 that purportedly shows a person exercising with a handle. Speediance specifically denies any allegations of infringement, including Tonal's unsubstantiated and improper use of the term "Infringing Product" when referring to Speediance's Gym Monster. Speediance further denies that Tonal has specifically identified any structure in the Gym Monster product that constitutes an

"actuator" as claimed and denies that it is clear from the cited materials what component, if any, is alleged to satisfy that claim element. Speediance further denies that Tonal's allegations based on publicly available materials establish that the Gym Monster meets this limitation. To the extent paragraph 43 purports to characterize the content of publicly available materials, the materials speak for themselves and Speediance does not adopt Tonal's characterization thereof. To the extent paragraph 43 purports to characterize scientific principles, Speediance does not adopt Tonal's characterization thereof. To the extent paragraph 43 purports to characterize or apply provisions of law, it states a legal conclusion to which no response is required. Except as expressly admitted herein, Speediance denies any remaining allegations of paragraph 43.

44. Speediance admits that Claim 1 of the '112 Patent contains the language quoted in paragraph 44. Speediance lacks sufficient knowledge or information to construe the limitation "a motor, wherein the motor is of pancake style and the machine is of low relative depth" as the '112 Patent requires and, thus, Speediance lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 44 and, therefore, denies them. To the extent paragraph 44 purports to characterize or apply provisions of law, it states a legal conclusion to which no response is required. Except as expressly admitted herein, Speediance denies any remaining allegations of paragraph 44.

45. Speediance admits that Tonal included a URL in paragraph 45 that redirects to a YouTube video. Speediance admits that Tonal included an image in paragraph 45 that purportedly shows Speediance's Gym Monster. Speediance specifically denies any allegations of infringement, including Tonal's unsubstantiated and improper use of the term "Infringing Product" when referring to Speediance's Gym Monster. Except as expressly admitted herein, Speediance denies any remaining allegations of paragraph 45.

46. Speediance admits that Tonal included a URL in paragraph 46 that redirects to a YouTube video. Speediance admits that Tonal included an image in paragraph 46 that purports to be a screenshot taken from the YouTube video. Speediance specifically denies any allegations of infringement, including Tonal's unsubstantiated and improper use of the term "Infringing Product" when referring to Speediance's Gym Monster. Except as expressly admitted herein, Speediance denies any remaining allegations of paragraph 46.

47. Speediance admits that Claim 1 of the '112 Patent contains the language quoted in paragraph 47. Speediance denies any allegation of infringement, including Tonal's unsubstantiated and improper use of the term "Infringing Product" when referring to Speediance's Gym Monster. Except as expressly admitted herein, Speediance denies any remaining allegations of paragraph 47.

48. Speediance admits that Tonal included a URL in paragraph 48 that redirects to a YouTube video. Speediance admits that Tonal included images in paragraph 48 that purport to be screenshots taken from the YouTube video. Speediance specifically denies any allegations of infringement, including Tonal's unsubstantiated and improper use of the term "Infringing Product" when referring to Speediance's Gym Monster. Except as expressly admitted herein, Speediance denies any remaining allegations of paragraph 48.

49. Speediance admits that Claim 1 of the '112 Patent contains the language quoted in paragraph 49. Speediance denies any allegation of infringement, including Tonal's unsubstantiated and improper use of the term "Infringing Product" when referring to Speediance's Gym Monster. Except as expressly admitted herein, Speediance denies any remaining allegations of paragraph 49.

50. Speediance admits that Tonal included a URL in paragraph 50 that redirects to a YouTube video. Speediance admits that Tonal included an image in paragraph 50 that purports to be a screenshot taken from the YouTube video. Speediance specifically denies any allegations of infringement, including Tonal's unsubstantiated and improper use of the term "Infringing Product" when referring to Speediance's Gym Monster. Except as expressly admitted herein, Speediance denies any remaining allegations of paragraph 50.

51. Speediance admits that Claim 1 of the '112 Patent contains the language quoted in paragraph 51. Speediance denies any allegation of infringement, including Tonal's unsubstantiated and improper use of the term "Infringing Product" when referring to Speediance's Gym Monster. Except as expressly admitted herein, Speediance denies any remaining allegations of paragraph 51.

52. Speediance admits that Tonal included a URL in paragraph 52 that redirects to Speediance's webpage. Speediance admits that Tonal included an image in paragraph 52 that purports to be a user interface. Speediance specifically denies any allegations of infringement, including Tonal's unsubstantiated and improper use of the term "Infringing Product" when referring to Speediance's Gym Monster. Speediance further denies that Tonal has specifically identified any structure in the Gym Monster product that constitutes "a filter coupled to the motor controller" as claimed and denies that it is clear from the cited materials what component, if any, is alleged to satisfy that claim element. Except as expressly admitted herein, Speediance denies any remaining allegations of paragraph 52.

53. Speediance denies that Tonal has specifically identified any structure in the Gym Monster product that constitutes "a filter coupled to the motor controller" as claimed and denies that it is clear from the cited materials what component, if any, is alleged to satisfy that claim

element. Speediance further denies that Tonal's allegations based on publicly available materials establish that the Gym Monster meets this limitation. Except as expressly admitted herein, Speediance denies any remaining allegations of paragraph 53.

54. Speediance admits that Claim 1 of the '112 Patent contains the language quoted in paragraph 54. Speediance denies any allegation of infringement, including Tonal's unsubstantiated and improper use of the term "Infringing Product" when referring to Speediance's Gym Monster. Except as expressly admitted herein, Speediance denies any remaining allegations of paragraph 54.

55. Speediance admits that Tonal included a URL in paragraph 55 that redirects to a YouTube video. Speediance admits that Tonal included an image in paragraph 55 that purports to be a user interface. Speediance specifically denies any allegations of infringement, including Tonal's unsubstantiated and improper use of the term "Infringing Product" when referring to Speediance's Gym Monster. Speediance further denies that Tonal has specifically identified any structure in the Gym Monster product that constitutes "receive an information related to the position of the actuator" as claimed and denies that it is clear from the cited materials what component, if any, is alleged to satisfy that claim element. Except as expressly admitted herein, Speediance denies any remaining allegations of paragraph 55.

56. Speediance admits that Claim 1 of the '112 Patent contains the language quoted in paragraph 56. Speediance denies any allegation of infringement, including Tonal's unsubstantiated and improper use of the term "Infringing Product" when referring to Speediance's Gym Monster. Except as expressly admitted herein, Speediance denies any remaining allegations of paragraph 56.

57. Speediance admits that Tonal included a URL in paragraph 57 that redirects to Speediance's product page. Speediance denies any allegation of infringement, including Tonal's unsubstantiated and improper use of the term "Infringing Product" when referring to Speediance's Gym Monster. Speediance denies that Tonal has specifically identified any structure in the Gym Monster product that constitutes "provide an input to the motor controller to adjust torque on the motor such that a strength curve is implemented relative to the position of the actuator" as claimed and denies that it is clear from the cited materials what component, if any, is alleged to satisfy that claim element. Except as expressly admitted herein, Speediance denies any remaining allegations of paragraph 57.

58. Speediance admits that Claim 1 of the '112 Patent contains the language quoted in paragraph 58. Speediance denies any allegation of infringement, including Tonal's unsubstantiated and improper use of the term "Infringing Product" when referring to Speediance's Gym Monster. Except as expressly admitted herein, Speediance denies any remaining allegations of paragraph 58.

59. Speediance admits that Tonal included a URL in paragraph 59 that redirects to Speediance's product page. Speediance denies any allegation of infringement, including Tonal's unsubstantiated and improper use of the term "Infringing Product" when referring to Speediance's Gym Monster. Speediance denies that Tonal has specifically identified any structure in the Gym Monster product that constitutes "compare a current relative position between the motor and the actuator" as claimed and denies that it is clear from the cited materials what component, if any, is alleged to satisfy that claim element. Except as expressly admitted herein, Speediance denies any remaining allegations of paragraph 59.

60. Speediance admits that Claim 1 of the ’112 Patent contains the language quoted in paragraph 60. Speediance denies any allegation of infringement, including Tonal’s unsubstantiated and improper use of the term “Infringing Product” when referring to Speediance’s Gym Monster. Except as expressly admitted herein, Speediance denies any remaining allegations of paragraph 60.

61. Speediance admits that Tonal included a URL in paragraph 61 that redirects to Speediance’s product page for Gym Monster. Speediance specifically denies any allegations of infringement, including Tonal’s unsubstantiated and improper use of the term “Infringing Product” when referring to Speediance’s Gym Monster. Speediance further denies that Tonal has specifically identified any structure in the Gym Monster product that constitutes “send an appropriate number of pulses to the motor to adjust a position of the motor based on the current relative position between the motor and the actuator” as claimed and denies that it is clear from the cited materials what component, if any, is alleged to satisfy that claim element. Except as expressly admitted herein, Speediance denies any remaining allegations of paragraph 61.

62. Speediance denies the allegations stated in this paragraph.

63. Speediance denies the allegations stated in this paragraph.

64. Speediance denies the allegations stated in this paragraph.

65. Speediance denies the allegations stated in this paragraph.

66. Speediance denies the allegations stated in this paragraph.

## COUNT TWO
## INFRINGEMENT OF U.S. PATENT NO. 8,287,434

67. In response to the allegations of paragraph 67, Speediance incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

68. Speediance denies the allegations stated in this paragraph.

69. Speediance denies the allegations stated in this paragraph.

70. Speediance denies the allegations stated in this paragraph.

71. Speediance denies the allegations stated in this paragraph.

72. This paragraph calls for a legal conclusion with respect to a claim preamble, and no response thereto is required. Except as expressly admitted herein, Speediance denies any remaining allegations of this paragraph.

73. Speediance admits that Gym Monster contains a user interface. Speediance also admits that Tonal included a URL in paragraph 73 that redirects to a YouTube video. Speediance also admits that Tonal included an image in paragraph 73 that purports to be a screenshot from the YouTube video. Speediance denies the remaining allegations in this paragraph.

74. Speediance admits that Claim 1 of the ’434 Patent contains the language quoted in paragraph 74. Speediance denies any allegation of infringement, including Tonal’s unsubstantiated and improper use of the term “Infringing Product” when referring to Speediance’s Gym Monster. Except as expressly admitted herein, Speediance denies any remaining allegations of this paragraph.

75. Speediance admits that Tonal included two URLs in paragraph 75 that redirect to Speediance’s website and a YouTube video, respectively. Speediance also admits that Tonal included an image in paragraph 75 that purports to be a screenshot from the YouTube video. Speediance denies any allegation of infringement, including Tonal’s unsubstantiated and improper use of the term “Infringing Product” when referring to Speediance’s Gym Monster. Except as expressly admitted herein, Speediance denies any remaining allegations of this paragraph.

76. Speediance admits that Tonal included a URL in paragraph 76 that redirects to Speediance’s webpage. Speediance denies any allegation of infringement, including Tonal’s

unsubstantiated and improper use of the term "Infringing Product" when referring to Speediance's Gym Monster. Except as expressly admitted herein, Speediance denies any remaining allegations of this paragraph.

77. Speediance admits that Claim 1 of the '434 Patent contains the language quoted in paragraph 77. Speediance denies any allegation of infringement, including Tonal's unsubstantiated and improper use of the term "Infringing Product" when referring to Speediance's Gym Monster. Speediance also does not adopt Tonal's characterization of the Gym Monster product. Speediance lacks sufficient knowledge or information to construe the limitation "monitor[s] progress of said strength training exercise" as the '434 Patent requires and, thus, Speediance lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 77 and, therefore, denies them. Except as expressly admitted herein, Speediance denies any remaining allegations of paragraph 77.

78. Speediance admits that Tonal included a URL in paragraph 78 that redirects to a YouTube video. Speediance also admits that Tonal included an image in paragraph 78 that purports to be a screenshot from the YouTube video. Speediance denies any allegation of infringement, including Tonal's unsubstantiated and improper use of the term "Infringing Product" when referring to Speediance's Gym Monster. Speediance further denies that Tonal has specifically identified any structure in the Gym Monster product that constitutes "monitor[s] progress of said strength training exercise" as claimed and denies that it is clear from the cited materials what component, if any, is alleged to satisfy that claim element. Except as expressly admitted herein, Speediance denies any remaining allegations of paragraph 78.

79. Speediance admits that Claim 1 of the '434 Patent contains the language quoted in paragraph 79. Speediance denies any allegation of infringement, including Tonal's unsubstantiated

and improper use of the term "Infringing Product" when referring to Speediance's Gym Monster. Except as expressly admitted herein, Speediance denies any remaining allegations of this paragraph.

80. Speediance admits that Tonal included two URLs in paragraph 80 that redirect to Speediance's webpage and a YouTube video, respectively. Speediance denies any allegation of infringement, including Tonal's unsubstantiated and improper use of the term "Infringing Product" when referring to Speediance's Gym Monster. Except as expressly admitted herein, Speediance denies any remaining allegations of this paragraph.

81. Speediance admits that Claim 1 of the '434 Patent contains the language quoted in paragraph 81. Speediance denies any allegation of infringement, including Tonal's unsubstantiated and improper use of the term "Infringing Product" when referring to Speediance's Gym Monster. Except as expressly admitted herein, Speediance denies any remaining allegations of this paragraph.

82. Speediance admits that Tonal included a URL in paragraph 82 that redirects to Speediance's webpage. Speediance denies any allegation of infringement, including Tonal's unsubstantiated and improper use of the term "Infringing Product" when referring to Speediance's Gym Monster. Speediance further denies that Tonal has specifically identified any structure in the Gym Monster product that "allows for the resistance force to be adjusted so that there can be two substantially different resistance force magnitudes in substantially the same position during a particular exercise movement," and also denies that it is clear from the cited materials what component, if any, is alleged to satisfy that claim element. Speediance also denies that Tonal's allegations based on publicly available materials establish that the Gym Monster meets this limitation. Speediance also does not adopt Tonal's characterization of the Gym Monster product.

To the extent paragraph 82 purports to characterize the content of publicly available materials, the materials speak for themselves and Speediance does not adopt Tonal's characterization thereof. Speediance denies the remaining allegations of paragraph 82.

83. Speediance denies the allegations stated in this paragraph.

84. Speediance denies the allegations stated in this paragraph.

85. Speediance denies the allegations stated in this paragraph.

86. Speediance denies the allegations stated in this paragraph.

87. Speediance denies the allegations stated in this paragraph.

## COUNT THREE
## INFRINGEMENT OF U.S. PATENT NO. 10,960,258

88. In response to the allegations of paragraph 88, Speediance incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

89. Speediance denies the allegations stated in this paragraph.

90. Speediance denies the allegations stated in this paragraph.

91. Speediance denies the allegations stated in this paragraph.

92. Speediance denies the allegations stated in this paragraph.

93. This paragraph calls for a legal conclusion with respect to a claim preamble, and no response thereto is required. Except as expressly admitted herein, Speediance denies any remaining allegations of this paragraph.

94. Speediance admits that Tonal included two URLs in this paragraph that redirect to a third-party website and a Speediance webpage, respectively. Speediance admits that Tonal included an image in paragraph 94 that purports to show a person exercising with a handle. Speediance denies any allegation of infringement, including Tonal's unsubstantiated and improper use of the term "Infringing Product" when referring to Speediance's Gym Monster. Speediance

further denies that Tonal's allegations based on publicly available materials establish that the Gym Monster meets any claim limitation. Speediance also does not adopt Tonal's characterization of the Gym Monster product. To the extent paragraph 94 purports to characterize the content of publicly available materials, the materials speak for themselves and Speediance does not adopt Tonal's characterization thereof. To the extent paragraph 94 purports to characterize or apply provisions of law, it states a legal conclusion to which no response is required. Except as expressly admitted herein, Speediance denies any remaining allegations of paragraph 94.

95. Speediance denies the allegations stated in this paragraph.

96. Speediance admits that Tonal included two URLs in paragraph 96 that redirect to YouTube videos. Speediance admits that Tonal included an image in paragraph 96 that purports to be a screenshot taken from the YouTube video. Speediance denies any allegation of infringement, including Tonal's unsubstantiated and improper use of the term "Infringing Product" when referring to Speediance's Gym Monster. Speediance further denies that Tonal has specifically identified any structure in the Gym Monster product that constitutes "a cable connection base adapted to attach to an end of a cable" as claimed and denies that it is clear from the cited materials what component, if any, is alleged to satisfy that claim element. Speediance further denies that Tonal's allegations based on third party materials and publicly available materials establish that the Gym Monster meets this limitation. Speediance also does not adopt Tonal's characterization of the Gym Monster product. To the extent paragraph 96 purports to characterize the content of third party materials or publicly available materials, the materials speak for themselves and Speediance does not adopt Tonal's characterization thereof. To the extent paragraph 96 purports to characterize or apply provisions of law, it states a legal conclusion to which no response is required.

Except as expressly admitted herein, Speediance denies any remaining allegations of paragraph 96.

97. Speediance denies the allegations stated in this paragraph.

98. Speediance admits that Tonal included a URL in paragraph 98 that redirects to a YouTube video. Speediance admits that Tonal included an image in paragraph 98 that purports to be a screenshot taken from the YouTube video. Speediance denies any allegation of infringement, including Tonal's unsubstantiated and improper use of the term "Infringing Product" when referring to Speediance's Gym Monster. Speediance further denies that Tonal has specifically identified any structure in the Gym Monster product that constitutes "a chamber adapted to receive a key through an opening of the chamber" as claimed and denies that it is clear from the cited materials what component, if any, is alleged to satisfy that claim element. Speediance further denies that Tonal's allegations based on publicly available materials establish that the Gym Monster meets this limitation. Speediance also does not adopt Tonal's characterization of the Gym Monster product. To the extent paragraph 98 purports to characterize the content of publicly available materials, the materials speak for themselves and Speediance does not adopt Tonal's characterization thereof. To the extent paragraph 98 purports to characterize or apply provisions of law, it states a legal conclusion to which no response is required. Except as expressly admitted herein, Speediance denies any remaining allegations of paragraph 98.

99. Speediance denies the allegations stated in this paragraph.

100. Speediance admits that Tonal included a URL in paragraph 100 that redirects to a YouTube video. Speediance admits that Tonal included an image in paragraph 100 that purports to be a screenshot taken from the YouTube video. Speediance denies any allegation of infringement, including Tonal's unsubstantiated and improper use of the term "Infringing Product"

when referring to Speediance's Gym Monster. Speediance further denies that Tonal has specifically identified any structure in the Gym Monster product that constitutes "a biasing mechanism within the chamber" as claimed and denies that it is clear from the cited materials what component, if any, is alleged to satisfy that claim element. Speediance further denies that Tonal's allegations based on publicly available materials establish that the Gym Monster meets this limitation. Speediance also does not adopt Tonal's characterization of the Gym Monster product. To the extent paragraph 100 purports to characterize the content of publicly available materials, the materials speak for themselves and Speediance does not adopt Tonal's characterization thereof. To the extent paragraph 100 purports to characterize or apply provisions of law, it states a legal conclusion to which no response is required. Except as expressly admitted herein, Speediance denies any remaining allegations of paragraph 100.

101. Speediance denies the allegations stated in this paragraph.

102. Speediance admits that Tonal included a URL in paragraph 102 that redirects to a YouTube video. Speediance admits that Tonal included an image in paragraph 102 that purports to be a screenshot taken from the YouTube video. Speediance denies that Tonal has specifically identified any structure in the Gym Monster product that constitutes "a receiving groove within the chamber wherein the biasing mechanism biases the key against the receiving groove so that the key is securely fixed within the chamber and wherein the key includes a slit through which a strap can be attached" as claimed and denies that it is clear from the cited materials what component, if any, is alleged to satisfy that claim element. Speediance further denies that Tonal's allegations based on publicly available materials establish that the Gym Monster meets this claim limitation. Speediance also does not adopt Tonal's characterization of the Gym Monster product. To the extent paragraph 102 purports to characterize the content of publicly available materials,

the materials speak for themselves and Speediance does not adopt Tonal's characterization thereof. To the extent paragraph 102 purports to characterize or apply provisions of law, it states a legal conclusion to which no response is required. Except as expressly admitted herein, Speediance denies any remaining allegations of paragraph 102.

103. Speediance admits that Tonal included a URL in paragraph 103 that redirects to a YouTube video. Speediance admits that Tonal included an image in paragraph 103 that purports to show a handle. Speediance denies that Tonal has specifically identified any structure in the Gym Monster product that constitutes "a receiving groove within the chamber wherein the biasing mechanism biases the key against the receiving groove so that the key is securely fixed within the chamber and wherein the key includes a slit through which a strap can be attached" as claimed and denies that it is clear from the cited materials what component, if any, is alleged to satisfy that claim element. Speediance further denies that Tonal's allegations based on publicly available materials establish that the Gym Monster meets this limitation. Speediance also does not adopt Tonal's characterization of the Gym Monster product. To the extent paragraph 103 purports to characterize the content of publicly available materials, the materials speak for themselves and Speediance does not adopt Tonal's characterization thereof. To the extent paragraph 103 purports to characterize or apply provisions of law, it states a legal conclusion to which no response is required. Except as expressly admitted herein, Speediance denies any remaining allegations of paragraph 103.

104. Speediance denies the allegations stated in this paragraph.

105. Speediance denies the allegations stated in this paragraph.

106. Speediance denies the allegations stated in this paragraph.

107. Speediance denies the allegations stated in this paragraph.

108. Speediance denies the allegations stated in this paragraph.

**COUNT FOUR**
**INFRINGEMENT OF U.S. PATENT NO. 11,554,287**

109. In response to the allegations of paragraph 109, Speediance incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

110. Speediance denies the allegations stated in this paragraph.

111. Speediance denies the allegations stated in this paragraph.

112. Speediance denies the allegations stated in this paragraph.

113. Speediance denies the allegations stated in this paragraph.

114. This paragraph calls for a legal conclusion with respect to a claim preamble, and no response thereto is required. Except as expressly admitted herein, Speediance denies any remaining allegations of this paragraph.

115. Speediance admits that Tonal included two URLs in this paragraph that redirect to a third-party website and a Speediance webpage, respectively. Speediance admits that Tonal included an image in paragraph 115 that purports to show a person exercising with a handle. Speediance denies any allegation of infringement, including Tonal's unsubstantiated and improper use of the term "Infringing Product" when referring to Speediance's Gym Monster. Speediance further denies that Tonal has specifically identified any structure in the Gym Monster product that constitutes "[a]n exercise machine connector" as claimed and denies that it is clear from the cited materials what component, if any, is alleged to satisfy that claim element. Speediance further denies that Tonal's allegations based on publicly available materials establish that the Gym Monster meets this limitation. Speediance also does not adopt Tonal's characterization of the Gym Monster product. To the extent paragraph 115 purports to characterize the content of publicly available materials, the materials speak for themselves and Speediance does not adopt Tonal's

characterization thereof. To the extent paragraph 115 purports to characterize or apply provisions of law, it states a legal conclusion to which no response is required. Except as expressly admitted herein, Speediance denies any remaining allegations of paragraph 115.

116. Speediance denies the allegations stated in this paragraph.

117. Speediance admits that Tonal included a URL in paragraph 117 that redirects to a YouTube video. Speediance admits that Tonal included an image in paragraph 117 that purports to be a screenshot taken from the YouTube video. Speediance denies any allegation of infringement, including Tonal's unsubstantiated and improper use of the term "Infringing Product" when referring to Speediance's Gym Monster. Speediance further denies that Tonal has specifically identified any structure in the Gym Monster product that constitutes "a cable connection base adapted to attach to an end of a cable" as claimed and denies that it is clear from the cited materials what component, if any, is alleged to satisfy that claim element. Speediance further denies that Tonal's allegations based on third party materials establish that the Gym Monster meets this limitation. Speediance also does not adopt Tonal's characterization of the Gym Monster product. To the extent paragraph 117 purports to characterize the content of third party materials, the materials speak for themselves and Speediance does not adopt Tonal's characterization thereof. To the extent paragraph 117 purports to characterize or apply provisions of law, it states a legal conclusion to which no response is required. Except as expressly admitted herein, Speediance denies any remaining allegations of paragraph 117.

118. Speediance denies the allegations stated in this paragraph.

119. Speediance admits that Tonal included a URL in paragraph 119 that redirects to a YouTube video. Speediance admits that Tonal included an image in paragraph 119 that purports to be a screenshot taken from the YouTube video. Speediance denies any allegation of

infringement, and specifically denies that Tonal has identified any structure in the Gym Monster product that constitutes "a chamber that resides within a body of the cable connection base and adapted to receive a key through an opening of the chamber, wherein the key includes an eyelet through which a fastener can be attached" as claimed and denies that it is clear from the cited materials what component, if any, is alleged to satisfy that claim element. Speediance further denies that Tonal's allegations based on publicly available materials establish that the Gym Monster meets this limitation. Speediance also does not adopt Tonal's characterization of the Gym Monster product. To the extent paragraph 119 purports to characterize the content of publicly available materials, the materials speak for themselves and Speediance does not adopt Tonal's characterization thereof. To the extent paragraph 119 purports to characterize or apply provisions of law, it states a legal conclusion to which no response is required. Except as expressly admitted herein, Speediance denies any remaining allegations of paragraph 119.

120. Speediance admits that Tonal included a URL in paragraph 120 that redirects to a YouTube video. Speediance admits that Tonal included an image in paragraph 120 that purports to show a person's hand holding a handle. Speediance denies any allegation of infringement, including Tonal's unsubstantiated and improper use of the term "Infringing Product" when referring to Speediance's Gym Monster. Speediance further denies that Tonal has specifically identified any structure in the Gym Monster product that constitutes "a chamber that resides within a body of the cable connection base and adapted to receive a key through an opening of the chamber, wherein the key includes an eyelet through which a fastener can be attached" as claimed and denies that it is clear from the cited materials what component, if any, is alleged to satisfy that claim element. Speediance further denies that Tonal's allegations based on publicly available materials establish that the Gym Monster meets this limitation. Speediance also does not adopt Tonal's

characterization of the Gym Monster product. To the extent paragraph 120 purports to characterize the content of publicly available materials, the materials speak for themselves and Speediance does not adopt Tonal's characterization thereof. To the extent paragraph 120 purports to characterize or apply provisions of law, it states a legal conclusion to which no response is required. Except as expressly admitted herein, Speediance denies any remaining allegations of paragraph 120.

121. Speediance denies the allegations stated in this paragraph.

122. Speediance admits that Tonal included a URL in paragraph 122 that redirects to a YouTube video. Speediance admits that Tonal included an image in paragraph 122 that purports to be a screenshot taken from the YouTube video. Speediance denies any allegation of infringement and specifically denies that Tonal has identified any structure in the Gym Monster product that constitutes "a biasing mechanism within the chamber" as claimed and denies that it is clear from the cited materials what component, if any, is alleged to satisfy that claim element. Speediance further denies that Tonal's allegations based on publicly available materials establish that the Gym Monster meets this limitation. Speediance also does not adopt Tonal's characterization of the Gym Monster product. To the extent paragraph 122 purports to characterize the content of publicly available materials, the materials speak for themselves and Speediance does not adopt Tonal's characterization thereof. To the extent paragraph 122 purports to characterize or apply provisions of law, it states a legal conclusion to which no response is required. Except as expressly admitted herein, Speediance denies any remaining allegations of paragraph 122.

123. Speediance denies the allegations stated in this paragraph.

124. Speediance admits that Tonal included a URL in paragraph 124 that redirects to a YouTube video. Speediance admits that Tonal included an image in paragraph 124 that purports to be a screenshot taken from the YouTube video. Speediance denies any allegation of

infringement and specifically denies that Tonal has identified any structure in the Gym Monster product that constitutes "a receiving groove within the chamber wherein the biasing mechanism biases the key against the receiving groove so that the key is securely fixed within the chamber and wherein the key includes a slit through which a strap can be attached" as claimed and denies that it is clear from the cited materials what component, if any, is alleged to satisfy that claim element. Speediance further denies that Tonal's allegations based on publicly available materials establish that the Gym Monster meets this limitation. Speediance also does not adopt Tonal's characterization of the Gym Monster product. To the extent paragraph 124 purports to characterize the content of publicly available materials, the materials speak for themselves and Speediance does not adopt Tonal's characterization thereof. To the extent paragraph 124 purports to characterize or apply provisions of law, it states a legal conclusion to which no response is required. Except as expressly admitted herein, Speediance denies any remaining allegations of paragraph 124.

125. Speediance denies the allegations stated in this paragraph.

126. Speediance denies the allegations stated in this paragraph.

127. Speediance denies the allegations stated in this paragraph.

128. Speediance denies the allegations stated in this paragraph.

129. Speediance denies the allegations stated in this paragraph.

**COUNT FIVE**
**INFRINGEMENT OF U.S. PATENT NO. 11,389,687**

130. In response to the allegations of paragraph 130, Speediance incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

131. Speediance denies the allegations stated in this paragraph.

132. Speediance denies the allegations stated in this paragraph.

133. Speediance denies the allegations stated in this paragraph.

134. Speediance denies the allegations stated in this paragraph.

135. This paragraph calls for a legal conclusion with respect to a claim preamble, and no response thereto is required. Except as expressly admitted herein, Speediance denies any remaining allegations of this paragraph.

136. Speediance admits that Tonal included a URL in paragraph 136 that redirects to Speediance's webpage that contains the language quoted in paragraph 136. Except as expressly admitted herein, Speediance denies any remaining allegations of paragraph 136.

137. Speediance denies the allegations stated in this paragraph.

138. Speediance admits that Tonal included a URL in paragraph 138 that redirects to Speediance's product page for Gym Monster. Speediance admits that Tonal included an image in paragraph 138 that purportedly shows a person exercising with a handle. Speediance denies any allegation of infringement, including Tonal's unsubstantiated and improper use of the term "Infringing Product" when referring to Speediance's Gym Monster. Speediance further denies that Tonal has specifically identified any structure in the Gym Monster product that constitutes "an actuator" as claimed and denies that it is clear from the cited materials what component, if any, is alleged to satisfy that claim element. Speediance further denies that Tonal's allegations based on publicly available materials establish that the Gym Monster meets this limitation. Speediance also does not adopt Tonal's characterization of the Gym Monster product. To the extent paragraph 138 purports to characterize the content of publicly available materials, the materials speak for themselves and Speediance does not adopt Tonal's characterization thereof. To the extent paragraph 138 purports to characterize or apply provisions of law, it states a legal conclusion to which no response is required. Except as expressly admitted herein, Speediance denies any remaining allegations of paragraph 138.

139. Speediance admits that Claim 1 of the ’687 Patent contains the language quoted in paragraph 139. Speediance denies any allegation of infringement, including Tonal’s unsubstantiated and improper use of the term “Infringing Product” when referring to Speediance’s Gym Monster. Speediance also does not adopt Tonal’s characterization of the Gym Monster product. Except as expressly admitted herein, Speediance denies the remaining allegations of paragraph 139.

140. Speediance admits that Tonal included a URL in paragraph 140 that redirects to a YouTube video. Speediance admits that Tonal included an image in paragraph 140 that purports to be a screenshot taken from the YouTube video. Speediance denies any allegation of infringement, including Tonal’s unsubstantiated and improper use of the term “Infringing Product” when referring to Speediance’s Gym Monster. Speediance further denies that Tonal has specifically identified any structure in the Gym Monster product that constitutes “a motor” as claimed and denies that it is clear from the cited materials what component, if any, is alleged to satisfy that claim element. Speediance further denies that Tonal’s allegations based on publicly available materials establish that the Gym Monster meets this limitation. Speediance also does not adopt Tonal’s characterization of the Gym Monster product. To the extent paragraph 140 purports to characterize the content of publicly available materials, the materials speak for themselves and Speediance does not adopt Tonal’s characterization thereof. To the extent paragraph 140 purports to characterize or apply provisions of law, it states a legal conclusion to which no response is required. Except as expressly admitted herein, Speediance denies any remaining allegations of paragraph 140.

141. Speediance denies the allegations stated in this paragraph.

142. Speediance admits that Tonal included a URL in paragraph 142 that redirects to a YouTube video. Speediance admits that Tonal included two images in paragraph 142 that purport to be screenshots taken from the YouTube video. Speediance denies any allegation of infringement, including Tonal's unsubstantiated and improper use of the term "Infringing Product" when referring to Speediance's Gym Monster. Speediance further denies that Tonal has specifically identified any structure in the Gym Monster product that constitutes "a cable coupled between the actuator and the motor" as claimed and denies that it is clear from the cited materials what component, if any, is alleged to satisfy that claim element. Speediance further denies that Tonal's allegations based on publicly available materials establish that the Gym Monster meets this limitation. Speediance also does not adopt Tonal's characterization of the Gym Monster product. To the extent paragraph 142 purports to characterize the content of publicly available materials, the materials speak for themselves and Speediance does not adopt Tonal's characterization thereof. To the extent paragraph 142 purports to characterize or apply provisions of law, it states a legal conclusion to which no response is required. Except as expressly admitted herein, Speediance denies any remaining allegations of paragraph 142.

143. Speediance denies the allegations stated in this paragraph.

144. Speediance admits that Tonal included a URL in paragraph 144 that redirects to Speediance's webpage for Gym Monster. Speediance admits that Tonal included an image in paragraph 144 that purportedly shows a user interface. Speediance denies any allegation of infringement, including Tonal's unsubstantiated and improper use of the term "Infringing Product" when referring to Speediance's Gym Monster. Speediance further denies that Tonal has specifically identified any structure in the Gym Monster product that constitutes "a processor" as claimed and denies that it is clear from the cited materials what component, if any, is alleged to satisfy that

claim element. Speediance further denies that Tonal's allegations based on publicly available materials establish that the Gym Monster meets this limitation. Speediance also does not adopt Tonal's characterization of the Gym Monster product. To the extent paragraph 144 purports to characterize the content of publicly available materials, the materials speak for themselves and Speediance does not adopt Tonal's characterization thereof. To the extent paragraph 144 purports to characterize or apply provisions of law, it states a legal conclusion to which no response is required. Except as expressly admitted herein, Speediance denies any remaining allegations of paragraph 144.

145. Speediance denies the allegations stated in this paragraph.

146. Speediance admits that Tonal included a URL in paragraph 146 that redirects to a YouTube video. Speediance admits that Tonal included an image in paragraph 146 that purports to be a screenshot taken from the YouTube video. Speediance denies that Tonal has specifically identified any structure in the Gym Monster product that constitutes a processor that "determine[s] that a range of motion of a user of the exercise machine is between pre-determined motion thresholds" as claimed and denies that it is clear from the cited materials what component, if any, is alleged to satisfy that claim element. Speediance further denies that Tonal's allegations based on publicly available materials establish that the Gym Monster meets this limitation. Speediance also does not adopt Tonal's characterization of the Gym Monster product. To the extent paragraph 146 purports to characterize the content of publicly available materials, the materials speak for themselves and Speediance does not adopt Tonal's characterization thereof. To the extent paragraph 146 purports to characterize or apply provisions of law, it states a legal conclusion to which no response is required. Except as expressly admitted herein, Speediance denies any remaining allegations of paragraph 146.

147. Speediance admits that Tonal included a URL in paragraph 147 that redirects to a YouTube video. Speediance admits that Tonal included an image in paragraph 147 that purports to be a screenshot taken from the YouTube video. Speediance denies that Tonal has specifically identified any structure in the Gym Monster product that constitutes a processor that "determine[s] that a range of motion of a user of the exercise machine is between pre-determined motion thresholds" as claimed and denies that it is clear from the cited materials what component, if any, is alleged to satisfy that claim element. Speediance further denies that Tonal's allegations based on publicly available materials establish that the Gym Monster meets this limitation. Speediance also does not adopt Tonal's characterization of the Gym Monster product. To the extent paragraph 147 purports to characterize the content of publicly available materials, the materials speak for themselves and Speediance does not adopt Tonal's characterization thereof. To the extent paragraph 147 purports to characterize or apply provisions of law, it states a legal conclusion to which no response is required. Except as expressly admitted herein, Speediance denies any remaining allegations of paragraph 147.

148. Speediance admits that Tonal included a URL in paragraph 148 that redirects to a YouTube video. Speediance admits that Tonal included an image in paragraph 148 that purports to be a screenshot taken from the YouTube video. Speediance denies that Tonal has specifically identified any structure in the Gym Monster product that constitutes a processor that "determine[s] that a range of motion of a user of the exercise machine is between pre-determined motion thresholds" as claimed and denies that it is clear from the cited materials what component, if any, is alleged to satisfy that claim element. Speediance further denies that Tonal's allegations based on publicly available materials establish that the Gym Monster meets this limitation. Speediance also does not adopt Tonal's characterization of the Gym Monster product. To the extent paragraph 148

purports to characterize the content of publicly available materials, the materials speak for themselves and Speediance does not adopt Tonal's characterization thereof. To the extent paragraph 148 purports to characterize or apply provisions of law, it states a legal conclusion to which no response is required. Except as expressly admitted herein, Speediance denies any remaining allegations of paragraph 148.

149. Speediance admits that Tonal included an image in paragraph 149 that purports to show a user interface. Speediance does not adopt Tonal's characterization of the Gym Monster product. Speediance denies that Tonal has specifically identified any structure in the Gym Monster product that constitutes a processor that "determine[s] that a range of motion of a user of the exercise machine is between pre-determined motion thresholds" as claimed and denies that it is clear from the cited materials what component, if any, is alleged to satisfy that claim element. Speediance further denies that Tonal's allegations based on publicly available materials establish that the Gym Monster meets this limitation. To the extent paragraph 149 purports to characterize the content of publicly available materials, the materials speak for themselves and Speediance does not adopt Tonal's characterization thereof. To the extent paragraph 149 purports to characterize or apply provisions of law, it states a legal conclusion to which no response is required. Except as expressly admitted herein, Speediance denies any remaining allegations of paragraph 149.

150. Speediance denies the allegations stated in this paragraph.

151. Speediance admits that Tonal included a URL in paragraph 151 that redirects to a YouTube video. Speediance admits that Tonal included an image in paragraph 151 that purports to be a screenshot taken from the YouTube video. Speediance does not adopt Tonal's characterization of the Gym Monster product. Speediance denies that Tonal has specifically identified any structure in the Gym Monster product that constitutes "while the range of motion of

the user is between the pre-determined motion thresholds, determine persistence, for at least a pre-determined period of time, of both: (1) a velocity of the cable being below a pre-determined velocity threshold; and (2) a tension applied by the user on the cable being above a pre-determined tension threshold" as claimed and denies that it is clear from the cited materials what component, if any, is alleged to satisfy that claim element. Speediance further denies that Tonal's allegations based on third-party materials establish that the Gym Monster meets this limitation. To the extent paragraph 151 purports to characterize the content of third-party materials, the materials speak for themselves and Speediance does not adopt Tonal's characterization thereof. To the extent paragraph 151 purports to characterize or apply provisions of law, it states a legal conclusion to which no response is required. Except as expressly admitted herein, Speediance denies any remaining allegations of paragraph 151.

152. Speediance does not adopt Tonal's characterization of the Gym Monster product. Speediance denies that Tonal has specifically identified any structure in the Gym Monster product that constitutes "while the range of motion of the user is between the pre-determined motion thresholds, determine persistence, for at least a pre-determined period of time, of both: (1) a velocity of the cable being below a pre-determined velocity threshold; and (2) a tension applied by the user on the cable being above a pre-determined tension threshold" as claimed and denies that it is clear from the cited materials what component, if any, is alleged to satisfy that claim element. Speediance further denies that Tonal's allegations based on third-party materials establish that the Gym Monster meets this limitation. To the extent paragraph 152 purports to characterize the content of third-party materials, the materials speak for themselves and Speediance does not adopt Tonal's characterization thereof. To the extent paragraph 152 purports to characterize or

apply provisions of law, it states a legal conclusion to which no response is required. Except as expressly admitted herein, Speediance denies any remaining allegations of paragraph 152.

153. Speediance denies the allegations stated in this paragraph.

154. Speediance does not adopt Tonal's characterization of the Gym Monster product. Speediance denies that Tonal has specifically identified any structure in the Gym Monster product that constitutes "in response to determining persistence, for at least the pre-determined period of time, of both: (1) the velocity of the cable being below the pre-determined velocity threshold; and (2) the tension applied by the user on the cable being above the pre-determined tension threshold, determine that the user should be spotted, wherein torque of the motor is reduced based at least in part on determining that the user should be spotted" as claimed and denies that it is clear from the cited materials what component, if any, is alleged to satisfy that claim element. Speediance further denies that Tonal's allegations based on third-party materials or publicly available materials establish that the Gym Monster meets this limitation. To the extent paragraph 154 purports to characterize the content of third-party materials or publicly available materials, the materials speak for themselves and Speediance does not adopt Tonal's characterization thereof. To the extent paragraph 154 purports to characterize or apply provisions of law, it states a legal conclusion to which no response is required. Except as expressly admitted herein, Speediance denies any remaining allegations of paragraph 154.

155. Speediance denies the allegations stated in this paragraph.

156. Speediance denies the allegations stated in this paragraph.

157. Speediance denies the allegations stated in this paragraph.

158. Speediance denies the allegations stated in this paragraph.

159. Speediance denies the allegations stated in this paragraph.

**COUNT SIX**
**INFRINGEMENT OF U.S. PATENT NO. 9,101,791**

160. In response to the allegations of paragraph 160, Speediance incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

161. Speediance denies the allegations stated in this paragraph.

162. Speediance denies the allegations stated in this paragraph.

163. Speediance denies the allegations stated in this paragraph.

164. Speediance denies the allegations stated in this paragraph.

165. This paragraph calls for a legal conclusion with respect to a claim preamble, and no response thereto is required. Except as expressly admitted herein, Speediance denies any remaining allegations of this paragraph.

166. Speediance admits that Tonal included a URL link in paragraph 166 that redirects to the product page for Gym Monster. Speediance admits that the product page includes the language quoted in paragraph 166. Speediance denies any allegation of infringement, including Tonal's unsubstantiated and improper use of the term "Infringing Product" when referring to Speediance's Gym Monster. Speediance also does not adopt Tonal's characterization of the Gym Monster product. To the extent paragraph 166 purports to characterize the content of publicly available materials, the materials speak for themselves and Speediance does not adopt Tonal's characterization thereof. To the extent paragraph 166 purports to characterize or apply provisions of law, it states a legal conclusion to which no response is required. Except as expressly admitted herein, Speediance denies any remaining allegations of paragraph 166.

167. Speediance denies the allegations stated in this paragraph.

168. Speediance admits that Tonal included a URL in paragraph 168 that redirects to a Speediance's product page. Speediance admits that Tonal included two images in paragraph 168

that purport to show a user interface. Speediance denies any allegation of infringement, including Tonal's unsubstantiated and improper use of the term "Infringing Product" when referring to Speediance's Gym Monster. Speediance further denies that Tonal has specifically identified any structure in the Gym Monster product that constitutes "identifying, by a processing device, one or more parameters of a user" as claimed and denies that it is clear from the cited materials what component, if any, is alleged to satisfy that claim element. Speediance further denies that Tonal's allegations based on publicly available materials establish that the Gym Monster meets this limitation. Speediance also does not adopt Tonal's characterization of the Gym Monster product. To the extent paragraph 168 purports to characterize the content of publicly available materials, the materials speak for themselves and Speediance does not adopt Tonal's characterization thereof. To the extent paragraph 168 purports to characterize or apply provisions of law, it states a legal conclusion to which no response is required. Except as expressly admitted herein, Speediance denies any remaining allegations of paragraph 168.

169. Speediance denies the allegations stated in this paragraph.

170. Speediance admits that Tonal included a URL in paragraph 170 that redirects to a YouTube video. Speediance admits that Tonal included an image in paragraph 170 that purports to be a screenshot taken from the YouTube video. Speediance denies any allegation of infringement, including Tonal's unsubstantiated and improper use of the term "Infringing Product" when referring to Speediance's Gym Monster. Speediance further denies that Tonal has specifically identified any structure in the Gym Monster product that constitutes "identifying, by the processing device, force data associated with the user, the force data corresponding to a force measured while the user performed an exercise" as claimed and denies that it is clear from the cited materials what component, if any, is alleged to satisfy that claim element. Speediance further denies that Tonal's

allegations based on publicly available materials establish that the Gym Monster meets this limitation. Speediance also does not adopt Tonal's characterization of the Gym Monster product. To the extent paragraph 170 purports to characterize the content of publicly available materials, the materials speak for themselves and Speediance does not adopt Tonal's characterization thereof. To the extent paragraph 170 purports to characterize or apply provisions of law, it states a legal conclusion to which no response is required. Except as expressly admitted herein, Speediance denies any remaining allegations of paragraph 170.

171. Speediance admits that Tonal included an image in paragraph 171 that purports to show a user interface. Speediance does not adopt Tonal's characterization of the Gym Monster product. Speediance denies any allegation of infringement and specifically denies that Tonal has specifically identified any structure in the Gym Monster product that constitutes "identifying, by the processing device, force data associated with the user, the force data corresponding to a force measured while the user performed an exercise" as claimed and denies that it is clear from the cited materials what component, if any, is alleged to satisfy that claim element. Speediance further denies that Tonal's allegations based on publicly available materials establish that the Gym Monster meets this limitation. To the extent paragraph 171 purports to characterize the content of publicly available materials, the materials speak for themselves and Speediance does not adopt Tonal's characterization thereof. To the extent paragraph 171 purports to characterize or apply provisions of law, it states a legal conclusion to which no response is required. Except as expressly admitted herein, Speediance denies any remaining allegations of paragraph 171.

172. Speediance denies the allegations stated in this paragraph.

173. Speediance admits that Tonal included an image in paragraph 173 that purports to show a user interface. Speediance does not adopt Tonal's characterization of the Gym Monster

product. Speediance denies any allegation of infringement, including Tonal's unsubstantiated and improper use of the term "Infringing Product" when referring to Speediance's Gym Monster. Speediance also denies that Tonal has specifically identified any structure in the Gym Monster product that constitutes "generating, by the processing device, an exercise program to be executed using the exercise device" as claimed and denies that it is clear from the cited materials what component, if any, is alleged to satisfy that claim element. Speediance further denies that Tonal's allegations based on publicly available materials establish that the Gym Monster meets this limitation. To the extent paragraph 173 purports to characterize the content of publicly available materials, the materials speak for themselves and Speediance does not adopt Tonal's characterization thereof. To the extent paragraph 173 purports to characterize or apply provisions of law, it states a legal conclusion to which no response is required. Except as expressly admitted herein, Speediance denies any remaining allegations of paragraph 173.

174. Speediance denies the allegations stated in this paragraph.

175. Speediance admits that Tonal included an image in paragraph 175 that purports to show a user interface. Speediance does not adopt Tonal's characterization of the Gym Monster product. Speediance denies any allegation of infringement, including Tonal's unsubstantiated and improper use of the term "Infringing Product" when referring to Speediance's Gym Monster. Speediance also denies that Tonal has specifically identified any structure in the Gym Monster product that constitutes "computing, by the processing device, a resistance to be applied by the exercise device during execution of the exercise program, wherein computing the resistance comprises multiplying the force by a fractional multiplier selected based on the one or more parameters of the user" as claimed and denies that it is clear from the cited materials what component, if any, is alleged to satisfy that claim element. Speediance further denies that Tonal's

allegations based on publicly available materials establish that the Gym Monster meets this limitation. To the extent paragraph 175 purports to characterize the content of publicly available materials, the materials speak for themselves and Speediance does not adopt Tonal's characterization thereof. To the extent paragraph 175 purports to characterize or apply provisions of law, it states a legal conclusion to which no response is required. Except as expressly admitted herein, Speediance denies any remaining allegations of paragraph 175.

176. Speediance admits that Tonal included a URL in paragraph 176 that redirects to Speediance's webpage. Speediance admits that Tonal included an image in paragraph 176 that purports to be a screenshot taken from the webpage. Speediance denies any allegation of infringement and specifically denies that Tonal has identified any structure in the Gym Monster product that constitutes "computing, by the processing device, a resistance to be applied by the exercise device during execution of the exercise program, wherein computing the resistance comprises multiplying the force by a fractional multiplier selected based on the one or more parameters of the user" as claimed and denies that it is clear from the cited materials what component, if any, is alleged to satisfy that claim element. Speediance further denies that Tonal's allegations based on "information and belief" or publicly available materials establish that the Gym Monsters meets this limitation. Speediance also does not adopt Tonal's characterization of the Gym Monster product. To the extent paragraph 176 purports to characterize the content of publicly available materials, the materials speak for themselves and Speediance does not adopt Tonal's characterization thereof. To the extent paragraph 176 purports to characterize scientific principles, Speediance does not adopt Tonal's characterization thereof. Except as expressly admitted herein, Speediance denies any remaining allegations of paragraph 176.

177. Speediance denies the allegations stated in this paragraph.

178. Speediance denies the allegations stated in this paragraph.

179. Speediance denies the allegations stated in this paragraph.

180. Speediance denies the allegations stated in this paragraph.

181. Speediance denies the allegations stated in this paragraph.

**COUNT SEVEN**
**FALSE AND MISLEADING ADVERTISING – 15 U.S.C. § 1125(A)**

182. In response to the allegations of paragraph 182, Speediance incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

183. Speediance admits that it sells the Gym Monster product on Amazon. Speediance lacks sufficient knowledge or information on which product page landing Tonal is referencing in paragraph 183 for the number of customer reviews and star ratings, as such Speediance lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 183 and, therefore, denies them. Speediance denies any allegation of infringement, including Tonal's unsubstantiated and improper use of the term "Infringing Product" when referring to Speediance's Gym Monster. Except as expressly admitted herein, Speediance denies any remaining allegations of paragraph 183.

184. Speediance admits that Tonal includes URLs in paragraph 184. Speediance denies that the URLs show or redirect to any of the alleged contents. Speediance also denies the remaining allegations contained in paragraph 184.

185. Speediance denies the allegations stated in this paragraph.

186. Speediance admits that it sells the Gym Monster on its website. Speediance denies the remaining allegations in this paragraph.

187. Speediance lacks sufficient knowledge or information to form a belief about the truth of the allegations related to third parties and the context in which the contents were created

as shown in the paragraph 187, and therefore, denies them. Speediance also denies the remaining allegations in this paragraph.

188. Speediance denies the allegations stated in this paragraph.

189. Speediance denies the allegations stated in this paragraph.

190. Speediance denies the allegations stated in this paragraph.

191. This paragraph contains narratives to which a response is not required. To the extent any part of this paragraph pertains to Speediance, it is hereby denied.

192. This paragraph contains narratives to which a response is not required. To the extent any part of this paragraph pertains to Speediance, it is hereby denied.

193. Speediance denies the allegations stated in this paragraph.

194. Speediance denies the allegations stated in this paragraph.

## PLAINTIFF'S PRAYER FOR RELIEF

The section of the Complaint entitled "Prayer for Relief" sets forth the statement of relief requested by Plaintiff, to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to any of the relief sought in its prayer for relief or any other relief, and requests that the Court deny all such relief to Plaintiff in its entirety and with prejudice.

## PLAINTIFF'S DEMAND FOR A JURY TRIAL

This paragraph contains a demand for a jury trial to which no response is required. To the extent a response is required, Defendant demands a trial by jury on all issues so triable.

**AFFIRMATIVE DEFENSES**

Speediance incorporates by reference as if fully set forth herein its responses to the above paragraphs. Without admitting or acknowledging that it bears the burden of proof except those imposed by law and without reducing or removing Plaintiff's burden of proof on its affirmative claims, Speediance alleges and asserts the following defenses in response to the Complaint. Speediance reserves the right to amend its answer with additional defenses as further information is obtained.

**AFFIRMATIVE DEFENSE 1**
**(NON-INFRINGEMENT OF the ASSERTED PATENTS)**

Speediance does not infringe and has not infringed, under any theory of infringement, including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement), any valid, enforceable claim of the Asserted Patents, either literally or under the Doctrine of Equivalents, and has not committed any acts in violation of 35 U.S.C. § 271. If the claims at issue are interpreted so broadly as to read on any accused product, Speediance has not infringed any such claim under the Reverse Doctrine of Equivalents.

**AFFIRMATIVE DEFENSE 2**
**(INVALIDITY OF ASSERTED PATENTS)**

The Asserted Patents are invalid for failing to comply with one or more provisions of the Patent Laws, Title 35 U.S.C., including without limitation one or more of 35 U.S.C. §§ 101, 102, 103, 112, 116 and/or 251.

**AFFIRMATIVE DEFENSE 3**
**(FAILURE TO COMPLY WITH PATENT MARKING REQUIREMENTS)**

On information and belief, Tonal cannot recover any pre-suit/past damages for its and/or its licensees' failure to comply with 35 U.S.C. § 287 and related requirements set forth in the caselaw, including *Arctic Cat Inc. v. Bombardier Recreational Products Inc.*, 950 F.3d 860 (Fed.

Cir. 2020) and *VDPP, LLC v. Volkswagen Group of America, Inc.*, No. 2024-2226, 2026 WL 2416565 (Fed. Cir. Aug. 19, 2026). In particular, Tonal and/or the Asserted Patents' licensees made, offered for sale, sold, and/or imported into the United States patented articles that practice one or more claims of the Asserted Patents. For such patented articles, Tonal and/or one or more of its licensees did not comply with the marking requirements of 35 U.S.C. § 287 by giving notice to the public that the same are patented. Further, on information and belief, Tonal has failed to make reasonable efforts to ensure that its licensees of the Asserted Patents comply with 35 U.S.C. § 287.

**AFFIRMATIVE DEFENSE 4**
**(NO ENTITLEMENT TO INJUNCTIVE RELIEF)**

Tonal cannot satisfy the requirements for injunctive relief under 35 U.S.C. § 283. Tonal cannot demonstrate that it has suffered or will suffer irreparable harm, that monetary damages are inadequate to compensate for any alleged injury, that the balance of hardships tips in its favor, or that the public interest would be served by an injunction. Accordingly, Tonal is not entitled to preliminary or permanent injunctive relief.

**AFFIRMATIVE DEFENSE 5**
**(PROSECUTION HISTORY ESTOPPEL / PROSECUTION DISCLAIMER / CLAIM VITIATION)**

Tonal's claims are barred, in whole or in part, by the doctrine of prosecution history estoppel, prosecution disclaimer, prosecution laches, and/or claim vitiation. In particular, Tonal's infringement theories asserted under the doctrine of equivalents are barred, in whole or in part, by the doctrine of prosecution history estoppel based on statements, representations, and admissions made during prosecution of the patent applications resulting in the Asserted Patents.

**AFFIRMATIVE DEFENSE 6**
**(EQUITABLE DEFENSES)**

Tonal's claims for relief are barred in whole or in part by reason of estoppel, unclean hands, acquiescence, waiver, inequitable conduct, and/or other equitable doctrines.

**AFFIRMATIVE DEFENSE 7**
**(PRECLUSION OF COSTS)**

To the extent that any claim of the Asserted Patents is held to be invalid, Tonal is precluded from recovering costs related to this action pursuant to 35 U.S.C. § 288.

**AFFIRMATIVE DEFENSE 8**
**(TIME LIMITATION ON DAMAGES)**

Any recovery of damages by Tonal is limited in whole or in part by 35 U.S.C. § 286.

**AFFIRMATIVE DEFENSE 9**
**(LICENSE AND PATENT EXHAUSTION)**

Tonal's claims for patent infringement are barred, in whole or in part, (a) to the extent that any allegedly infringing products or components thereof are or were imported, sold by, offered for sale by, made by, or made for, any entity or entities having express or implied licenses to the Asserted Patents and/or (b) under the doctrine of patent exhaustion.

**AFFIRMATIVE DEFENSE 10**
**(NO WILLFUL INFRINGEMENT)**

Tonal is not entitled to enhanced damages under 35 U.S.C. § 284 because Tonal has failed to meet, and cannot meet as a matter of law, the requirements for willful infringement. Tonal has failed to state a claim for willful infringement by failing to identify sufficient pre-suit factual basis that Speediance had actual knowledge of or was willfully blind to the Asserted Patents or Speediance's alleged infringement.

**AFFIRMATIVE DEFENSE 11**
**(LACK OF STANDING)**

To the extent that Tonal does not have substantially all the rights or all the rights to one or more of the Asserted Patents, or to the extent the purported assignments of the Asserted Patents, if any, are defective for any reason, Plaintiff lacks standing to bring this action.

**AFFIRMATIVE DEFENSE 12**
**(INTERVENING RIGHTS)**

To the extent that Tonal reissues any Asserted Patent, amends any claim thereof, or revives any expired Asserted Patent, Plaintiff's claims for infringement and monetary damages are limited by intervening rights.

**AFFIRMATIVE DEFENSE 13**
**(Issue Preclusion)**

Tonal's claims and remedies for alleged infringement of the Asserted Patents are barred in whole or in part by issue preclusion or any other preclusion doctrines. For instance, Tonal's claims against Speediance for alleged infringement of one or more of the Asserted Patents are barred based on the other patent litigation matters, including Tonal's litigation matters with OxeFit, Inc. and Echelon Fitness Multimedia, LLC.

**AFFIRMATIVE DEFENSE 14**
**(ENSNAREMENT)**

To the extent Tonal relies on the doctrine of equivalents to allege infringement, Plaintiff's claims are barred because the asserted scope of the equivalency encompasses or ensnares the prior art.

**AFFIRMATIVE DEFENSE 15**
**(FAILURE TO STATE A CLAIM)**

Each count of Tonal's Complaint, and each claim for relief stated therein, fails to state a claim upon which relief can be granted.

**AFFIRMATIVE DEFENSE 16**
**(INDEPENDENT DEVELOPMENT)**

The Speediance Gym Monster was independently designed, developed, and manufactured by Speediance without reference to or reliance upon any of the Asserted Patents or Tonal's products or technology. Any similarities between Speediance's products and Tonal's patents are the result of independent innovation and the application of well-known principles common to the field of exercise equipment design and digital weight systems.

**AFFIRMATIVE DEFENSE 17**
**(PATENT MISUSE)**

Tonal's claims are barred, in whole or in part, by the doctrine of patent misuse. For instance, Tonal has improperly leveraged the Asserted Patents to suppress lawful competition in the marketplace. Tonal's assertion of one or more of its patents against its competitors constitutes patent misuse.

**AFFIRMATIVE DEFENSE 18**
**(LANHAM ACT — NO COMMERCIAL ADVERTISING OR PROMOTION)**

To the extent Tonal asserts claims under 15 U.S.C. § 1125, such claims fail at least because customer reviews do not constitute "commercial advertising or promotion" attributable to Speediance within the meaning of the Lanham Act. Speediance does not control, author, or direct customer reviews posted on its website, Amazon or any other third-party platforms.

**AFFIRMATIVE DEFENSE 19**
**(LANHAM ACT — NO DAMAGES)**

To the extent Tonal asserts claims under 15 U.S.C. § 1125, such claims fail at least because Tonal cannot demonstrate that it has suffered any actual or likely damages caused by any conduct of Speediance.

## AFFIRMATIVE DEFENSE 20
## (LANHAM ACT — TRUTH AND SUBSTANTIATION)

To the extent Tonal asserts claims under 15 U.S.C. § 1125, such claims fail at least because the customer reviews mentioned in the Complaint are genuine reviews reflecting the honest and unbiased opinions of actual purchasers of Speediance's products and are not false or misleading.

## AFFIRMATIVE DEFENSE 21
## (FAILURE TO MITIGATE DAMAGES)

Tonal has failed to mitigate its damages, if any, which failure bars or diminishes Plaintiff's right to any relief against Speediance.

## RESERVATION OF RIGHT TO ASSERT OTHER DEFENSES

Speediance expressly reserves the right to later assert and pursue further defenses in this action permitted under the Federal Rules of Civil Procedure, the Patent Laws of the United States, the Local Rules of this District, and/or at law or in equity, as they may now exist, be discovered, or otherwise become available based on discovery and further investigation in this case.

## DEFENDANT'S PRAYER FOR RELIEF

WHEREFORE, Speediance prays for judgment on the Complaint and against Tonal as follows:

a) That Plaintiff take nothing by the Complaint;

b) That the Complaint and all causes of action alleged therein be dismissed in their entirety with prejudice;

c) That the Court find that this action represents an exceptional case pursuant to 35 U.S.C. § 285 and award Speediance its reasonable attorneys' fees and costs incurred in defending against the Complaint;

d) That the Court award Speediance its costs of suit, as well as its attorneys' and expert witness fees and expenses incurred in defending against the Complaint, as otherwise permitted by law; and

e) That the Court award Speediance such other and further relief as it may deem just and proper.

Dated: October 1, 2026

Respectfully submitted,

By: /s/ Jack Shaw

Jack Shaw
California Bar No. 309382
jshaw@cjsjlaw.com
William D. Ellerman
Texas Bar No. 24007151
wellerman@cjsjlaw.com
Brett Mangrum
Texas Bar No. 24065671
bmangrum@cjsjlaw.com
Ari Rafilson
Texas Bar No. 24060456
arafilson@cjsjlaw.com
Shaun Gregory
Virginia Bar No. 86349
sgregory@CJSJLAW.com
Alejandro Echeverria
California Bar No. 355375
aecheverria@cjsjlaw.com
CHERRY JOHNSON SIEGMUND JAMES PC
8140 Walnut Hill Lane, Suite 105
Dallas, TX 75231
Telephone: (254) 732-2242
Facsimile: (866) 627-3509

Gregory P. Love
Texas Bar No. 24013060
glove@CJSJLAW.com
CHERRY JOHNSON SIEGMUND JAMES PC
104 E. Houston Street, Suite 115
Marshall, TX 75670
Telephone: (254) 732-2242
Facsimile: (866) 627-3509

***Attorneys for Defendant Shenzhen Speediance Living Technology Co., Ltd.***

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, on October 1, 2026, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

*/s/ Jack Shaw*
Jack Shaw